UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES MUGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1050 CDP |
| | ) | |
| STEVE LARKINS, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on Michael Mugler's petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the motion will be denied.

## Background

After a bench trial, Mugler was found guilty of one count of forgery and sentenced to seven years imprisonment. The Missouri Court of Appeals affirmed his conviction and sentence. State v. Mugler, 280 S.W.3d 796 (Mo. Ct. App. 2009). The mandate issued on May 15, 2009. Mugler sought no other direct review. Mugler filed a Motion for Reduction of Term of Sentence[1] with the trial court on May 6, 2010. The motion was denied on May 18, 2010. Mugler also filed a § 2254 petition with the Western District of Missouri. The § 2254 petition

---

[1]The motion was filed under Mo. Rev. Stat. § 558.046.

requests that the Court grant his state court Motion for Reduction of Term of Sentence. Like the state court motion, the § 2254 petition is dated May 6, 2010, but it was postmarked on June 1, 2010 and received by the district court on June 3, 2010. After the case was transferred to this district, Mugler filed an amended habeas petition raising the following grounds for relief:

> 1. Mugler claims he was prosecuted in the wrong jurisdiction because he was prosecuted in Warren County, Missouri for a check from St. Louis County, Missouri;
>
> 2. Mugler received ineffective assistance of counsel because his attorney failed to call a witness during trial and failed to notify him of appellate hearings and procedures;
>
> 3. Mugler was prosecuted for a Class C Felony even though he did not attempt to cash a check; and
>
> 4. Mugler seeks a motion for a reduction in term of sentence.[2]

## Discussion

Even assuming Mugler's petition is timely filed,[3] he is still not entitled to

---

[2] Ground 4 of the amended petition is the same as the ground for relief asserted in Mugler's original § 2254 petition. For this reason, I address this ground for relief only once below.

[3] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1). The judgment becomes final at the "conclusion of direct review" or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the statute of limitations began to run when the mandate issued. See Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008) (en banc); Meuir v. Bowersox, 692 F. Supp. 2d 1115, 1118 (E.D. Mo. 2010). Excluded from the computation of the one-year limitations period is the time during which a "properly filed" application for post-conviction review, or other collateral review, is

habeas relief. See Shelton v. Purkett, 563 F.3d 404, 407 (8th Cir. 2009) (even where habeas petition's timeliness is doubtful, court may proceed to merits of habeas petition in the interest of judicial economy). In Grounds 1, 3, and 4 of his habeas petition, Mugler alleges only violations of Missouri law.[4] He claims no violations of the Constitution or federal law. The federal habeas corpus statute grants authority to this court to consider an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or

---

pending in state court. 28 U.S.C. § 2244(d)(2); Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). "A request for sentence reduction cannot constitute an application for 'other collateral review' having the effect of tolling the one-year limitations period inasmuch as such request was one for sentencing leniency and did not challenge the lawfulness of his conviction or sentence." Croft v. Kemna, 2008 WL 163563, *4 (E.D. Mo. Jan. 16, 2008) (citing Hartmann v. Carroll, 492 F.3d 478 (3rd Cir. 2007); Storey v. Roper, No. 4:05-CV-2073 (JCH), 2007 WL 957313, at *4 (E.D. Mo. Mar. 27, 2007) ("motions that do not attack the judgment are not considered 'other collateral review.' ")).

The "prison mailbox rule" applies to decide whether a § 2254 petition is timely filed. See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), abrogated on other grounds, 523 F.3d 850 (8th Cir. 2008)("We hold that for purposes of applying 28 U.S.C. 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court."). Under this rule, "a pro se inmate's 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing." Nichols, 172 F.3d at 1077 n. 5. Here, it is unclear whether Mugler mailed his § 2254 petition on the same date he signed it. Respondent's barebones argument on this issue does not discuss the prison mailbox rule or the discrepancy between the date on the petition and the date upon which it is file stamped. For purposes of its statute of limitations analysis, the Court has given Mugler the benefit of applying the prison mailbox rule and assuming that the petition was timely filed by placing it in the prison mail system on May 6, 2010.

[4]Ground 4 is technically a request for this Court to grant his motion to reduce sentence under state law, which is also not cognizable on federal habeas review. The Court has construed Ground 4 liberally to state that the state court erred by failing to grant his motion to reduce sentence.

treaties of the United States." 28 U.S.C. § 2254(a).  A purely state law claim is not cognizable under the federal habeas corpus statute.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006).  Furthermore, "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."  Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). In Poe, the petitioner claimed that the trial court had violated a Missouri statute and thus lacked jurisdiction to sentence him.  Id.  Poe then argued that being sentenced by a court lacking jurisdiction denied him due process in violation of the Fourteenth Amendment.  Id.  The Eighth Circuit found that "[t]o reach the question of denial of due process ... [a] court must first determine that the sentencing court has no jurisdiction. This is not, however, a determination for the federal courts when the question of jurisdiction is one of valid state law only."  Id.

As in Poe, Mugler's argument that the trial court lacked jurisdiction to prosecute him is based solely on state law and is not cognizable on federal habeas review.  The same is true of Mugler's claim in Ground 4 that the trial erred by

- 4 -

failing to grant his motion for discretionary relief under Mo. Rev. Stat. § 558.046. To the extent that Mugler's claim in Ground 3 is liberally construed as one that his constitutional rights were violated because the evidence in support of his conviction was insufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 321 (1979), that claim is procedurally defaulted.

To preserve a claim for federal habeas review, a state prisoner must properly raise the claim in the state courts. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). A claim is fairly presented to the state courts if the state court was alerted to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004). A failure to present a claim before the state court according to state procedural rules results in a procedural default of that claim. Sweet, 125 F.3d at 1151 (citing Sawyer v. Whitley, 505 U.S. 333, 338 (1992)). In Missouri, default occurs if a claim is not raised on appeal. Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996) (finding ineffective assistance of counsel claim abandoned when not advanced on appeal from denial of post-conviction motion); Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994).

A petitioner can avoid the procedural bar if he can show cause and prejudice or a fundamental miscarriage of justice. "[T]he existence of cause for a procedural

default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (internal citation and quotation marks omitted). Examples of an external "objective factor" include a "showing that the factual or legal basis for a claim was not reasonably available to counsel" or that interference by officials "made compliance impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986). Even without a claim of cause and actual prejudice, a federal court may grant a writ of habeas corpus if necessary to prevent a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750. "This exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006); Oglesby v. Bowersox, 592 F.3d 922, 926 (8th Cir. 2010) (finding no miscarriage of justice when petitioner did not assert claim of actual innocence).

Here, the only claim Mugler raised on direct appeal related to the trial court denying a Frye[5] hearing and permitting law enforcement officers to conduct and opine on a handwriting comparison. He did not challenge the sufficiency of the

---

[5]Frye v. United States, 293 F. 1013 (D.C. Cir. 1923), requires that the results of a scientific procedure be admitted only if the procedure is sufficiently established such that it has gained general acceptance in its field, and Missouri trial courts make this determination in a Frye hearing. See State v. Daniels, 179 S.W.3d 273, 281 (Mo. Ct. App. 2005).

evidence. Mugler has not shown cause and prejudice or a fundamental miscarriage of justice that would excuse his procedural default. His third claim is therefore procedurally barred and I will not consider it on the merits.

Mugler's ineffective assistance of counsel claim is also procedurally defaulted. "Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief under Rule 29.15." Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006); see also Mo. Sup. Ct. R. 29.15(a). Here, Mugler did not file a post-conviction motion under Rule 29.15, so any ineffective assistance of counsel claims are procedurally defaulted. Because Mugler has not shown cause and prejudice or a fundamental miscarriage of justice that would excuse his procedural default, his claim is precluded from federal habeas review and will not be considered on the merits. Ground 2 is therefore denied.

I have also considered whether to issue a certificate of appealability. As Mugler has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably

subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Michael Mugler's petition [#1] and amended petition [#6] for writ of habeas corpus under 28 U.S.C. § 2254 are denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2011.